Filed 8/15/23  In re A.E. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re A.E.,<br><br>a Person Coming Under the Juvenile Court Law. | B316543<br>(Los Angeles County<br> Super. Ct. No. 18CCJP07594C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>M.E.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tara Newman, Judge.  Affirmed.

Jacques Alexander Love, by appointment of the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavani, Assistant Deputy County Counsel, for Plaintiff and Respondent.

**INTRODUCTION**

Father appeals the juvenile court's order requiring monitored visitation with his daughter.  Father's repeated acts of domestic violence and failure to seek counseling for his uncontrolled aggression support the juvenile court's decision.  Finding no abuse of discretion, we affirm the custody and visitation order.

**DISCUSSION**

The juvenile court has authority to issue custody and visitation orders when it terminates jurisdiction over a minor.  (Welf. & Inst. Code, § 362.4, subd. (a).)[1]  Such orders are commonly referred to as "exit orders."  (*In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1455.)  In issuing exit orders, juvenile courts look to the totality of the circumstances to assess what outcome is in the child's best interests.  (*In re J.T.* (2014) 228 Cal.App.4th 953, 963–964.)  A reviewing court will not overturn an exit order unless it is arbitrary, capricious, or absurd.  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

The sole contention on appeal is whether the juvenile court abused its discretion in ordering monitored visits between M.E. (father) and his daughter, A.E.[2]  We discuss only the facts germane to the one issue raised.  Father argues without citing to the record: "[A.E.] would not be in danger" if she had unmonitored visits.  Father supports his argument the juvenile

---

[1]    All further statutory references are to the Welfare and Institutions Code.

[2]    The exit order also granted father and A.R. (mother) joint legal custody of A.E., sole physical custody to mother, and primary residence with mother.  Those aspects of the order are not at issue on appeal.

court's decision was arbitrary by emphasizing that, even though both parents failed to comply with drug testing requirements, and he had one negative drug test "near the end of the case," mother was awarded sole physical custody of A.E. while he was only allowed monitored visits. Father fails, however, to discuss the critical issue of his history as the aggressor in domestic violence disputes with mother. Notably, he is silent as to whether he has made any progress in that regard.

It is true each parent failed to comply with drug testing requirements. But the juvenile court determined there were impediments beyond mother's control that prevented her from testing on some occasions. There is no evidence that mother used drugs within the two years preceding the exit order date. None of the arguments raised by father support the contention that the juvenile court abused its discretion. (*In re Stephanie M., supra,* 7 Cal.4th at pp. 318–319 ["'The appropriate test for abuse of discretion is whether the [juvenile] court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court'"].)

The Los Angeles County Department of Children and Family Services (DCFS) filed a dependency petition based in part on father and mother's history of domestic violence in which father was the aggressor. The juvenile court ordered father to enroll in individual counseling to address his aggression. Father consistently failed to do so. The record is devoid of any indication father has taken meaningful action to confront his propensity to engage in domestic violence.

DCFS interviewed mother, father, and their older children regarding father's violence. Mother recounted incidents in which she had "two black eyes" from father and a time when he "hit [her] chin." Mother also noted

3

father "always hits [her] when she is caught off guard." Alexa E., the older daughter, stated father "needs to control his anger" and noted, during visits, he drank and called mother to "cuss[] her out." Alexa was also adamant she did not want to live with father "no matter what."

DCFS consistently observed that A.E. was safe, well-bonded and cared for in mother's custody. A.E.'s maternal aunt and maternal grandmother assisted mother with childcare.

Given father's failure to address the serious issue of repeated domestic violence, mother's ability to care for A.E., and assistance with childcare from mother's family, the juvenile court's exit order requiring monitored visitation was not arbitrary, capricious, or absurd.

## DISPOSITION

The custody and visitation order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:



COLLINS, Acting P. J.



MORI, J.

4